Ronnie G. VAIL, Richard A. Dixon, Bruce Lillquist, Larry Stanley, Daryl L. Cooper, and Timothy C. Cartland, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Edward J. DERWINSKI, or his successor, Secretary of the Dept. of Veteran's Affairs, Defendant.

No. Civ. 3–89–609.

United States District Court,
D. Minnesota,
Third Division.

Aug. 25, 1990.

**1040**

David A. Leen, Seattle, Wash., and Douglas P. Radunz, Minneapolis, Minn., for plaintiffs.

Lonnie F. Bryan, Asst. U.S. Atty., D.Minn., for defendant Veteran's Admin.

## ORDER

DEVITT, District Judge.

## INTRODUCTION

In this action for declaratory relief, a proposed class of military veterans challenge the actions of the Department of Veteran's Affairs (V.A.) in seeking deficiency judgments against them personally following non-judicial foreclosure of their V.A. insured home mortgages following default in loan payments by subsequent purchasers.

The parties have stipulated to, and the court has signed, an order defining the class.[1] The parties agree the case is ripe for decision on summary judgment. There are no factual disputes. Each has filed summary judgment motions. Briefs have been lodged and oral argument heard.

## BACKGROUND

The VA provides housing assistance to veterans by guaranteeing home loans made to veterans by private lenders. *See generally*, 38 U.S.C. § 1801–33 (West 1979 & Supp.1990); 38 C.F.R. Part 36 (1989). The availability of V.A. loan guaranties makes possible the purchase of homes by veterans who might otherwise have difficulty securing home mortgages.

The plaintiffs in this action are military veterans who purchased homes in Minneso-

ta that were financed by private lenders. A portion of the mortgage loan was guaranteed by the V.A. Each plaintiff signed a contract with the V.A. which contained a certification that the veteran had read and understood his liability on the loan, and provided:

> As a GI home loan borrower you will be legally obligated to make the mortgage payments called for by your mortgage loan contract. The fact that you dispose of your property after the loan has been made WILL NOT RELIEVE YOU OF LIABILITY FOR MAKING THESE PAYMENTS.

V.A. Form 26–1802a. The contract also provided that the guaranty was subject to pertinent V.A. statutes and regulations. Each veteran was mailed additional information concerning his rights and liabilities.

In most cases, the individual plaintiffs sold their residence to a purchaser who assumed the V.A. loan and subsequently defaulted. The private lenders pursued non-judicial foreclosure actions (foreclosure by advertisement) under Minnesota law. Subsequently, the V.A. performed on its guarantee by paying monies to these private lending institutions.

The V.A. now seeks deficiency judgments against members of plaintiff class claiming an independent right of indemnity pursuant to 38 C.F.R. § 36.4323(e) and *United States v. Shimer*, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961). The V.A. did not pursue subrogation claims under the notes. Plaintiff class contends that Minnesota's anti-deficiency statute, which prohibits deficiency judgments on mortgag-

---

1. All individuals eligible for home loan guarantees or insurance provided pursuant to Title 38, United States Code, Chapter 37, against whom the United States or its agencies have asserted or will assert a claim pursuant to 38 C.F.R. § 36.4323(e) or indemnity agreement, which claim has been or will be generated because of a claim paid by the United States to a lender who submitted such claims to the United States because of a mortgage foreclosure conducted in the State of Minnesota subject to the anti-deficiency provisions of Minnesota law including but not limited to Minnesota Statutes § 582.30 or former § 580.23 subd. 1, but excluding any

claims based upon foreclosure of mortgages closed after December 31, 1989. This class will include the following subclasses:

SUBCLASS # 1: Those individuals, included in the above class, against whom a final judgment has been entered in a court of law on such claim.

SUBCLASS # 2: Those individuals, included in the above class, from whom the VA has collected monies based upon a claim under 38 CFR 36.4323(e) or written indemnity agreement, by way of voluntary payment, offset of benefits, wages, tax refunds, or other collection efforts.

es foreclosed by advertisement, bans the V.A.'s actions in Minnesota.

## DISCUSSION

Plaintiff class moves for summary judgment awarding them a declaratory judgment and permanent injunctive relief. Specifically, plaintiffs ask the court to enjoin the V.A. from asserting deficiencies in the future, and to require restitution of amounts previously paid by veterans. Defendant V.A. has filed a cross-motion for summary judgment.

Summary judgment is appropriate only where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Supreme Court recently held in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), that summary judgment must be granted where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Since no factual disputes exist, the law controls the outcome of plaintiff and defendants' cross motions for summary judgment.

■ Federal law governs questions involving the rights of the United States arising under nationwide federal programs. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979). The V.A.'s rights, as guarantor, upon default by a debtor veteran are governed by 38 U.S.C. § 1832. Section 1832 provides for a right to subrogation.

[T]he Administrator may ... pay to [the lender] the guaranty not in excess of the pro rata portion of the amount originally guaranteed. If the Administrator makes such a payment, the Administrator shall be subrogated to the rights of the holder of the obligation to the extent of the amount paid on the guaranty.

*Id.* at § 1832(a)(1).

The federal regulations interpreting the statutory provisions provide two alternative courses by which the V.A. may recover the amount paid on the guaranty. In addition to the right to subrogation, the V.A. has a right to indemnity. A section entitled "Subrogation and indemnity," provides in relevant part:

(a) The Secretary shall be subrogated to the contract and the lien or other rights of the holder to the extent of any sum paid on a guaranty or on account of an insured loss, which right shall be junior to the holder's rights as against the debtor or the encumbered property until the holder shall have received the full amount payable under his contract with the debtor. No partial or complete release by a creditor shall impair the rights of the Secretary with respect to the debtor's obligation.

. . . . .

(e) Any amounts paid by the Secretary on account of the liabilities of any veteran guaranteed or insured under the provisions of 38 U.S.C. Chapter 37 shall constitute a debt owing to the United States by such veteran.

38 C.F.R. § 36.4323.

■ In this case, the V.A. may not exercise its subrogation right. The V.A.'s right to subrogation by definition derives from the lender's right. In a Minnesota non-judicial foreclosure, where the lender has no right to collect a deficiency, the V.A. has none either. In addition, the guarantee contract signed by each veteran fails to suggest anywhere that the veteran could be held liable to the V.A. for more than he or she would otherwise be required to pay a private lender. The contract language treats the duties and responsibilities of the V.A. and the lender as functionally equivalent. *See Whitehead v. Turnage*, 701 F.Supp. 795, 797 (W.D.Wash.1988).

■ The V.A.'s primary claim is that it possesses an independent right of indemnity pursuant to 38 C.F.R. § 36.4323(e) and *United States v. Shimer*, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961). 38 C.F.R. § 36.4323(e) establishes the V.A.'s independent right of indemnity apart from its subrogation right under the guaranty. Fur-

thermore, the Supreme Court in *United States v. Shimer, supra,* held that the V.A. has an independent right of indemnity apart from its subrogation rights under the guaranty.

A recent case from the Ninth Circuit, however, indicates that the V.A. is not free to exercise this right in all circumstances. In *Whitehead v. Derwinski,* 904 F.2d 1362 (9th Cir.1990), the V.A. brought action to collect deficiencies remaining after default and foreclosure on home loans. The court held that the State of Washington's statutory scheme allowing a creditor to judicially foreclose (and receive a deficiency judgment) or nonjudicially foreclose (and forego deficiency judgment), was consistent with federal regulations and applicable to prevent the V.A., which had "directed" nonjudicial foreclosure of home loans it had guaranteed, from subsequently seeking deficiency judgment from foreclosed-upon veterans. *Id.* at 1369.[2]

The court's holding was based on the V.A.'s complete control of its power to be made whole when a state provides alternative methods of foreclosure. If a veteran defaults on a loan, the lender must give the V.A. thirty days notice before foreclosing. 38 C.F.R. § 36.4317. The V.A. then has fifteen days in which to notify the lender to proceed in "such manner as to effectively preserve the personal liability of the parties liable...." 38 C.F.R. § 36.4324(f). In the absence of notice by the lender, "an election and appropriate prosecution of legally available effective remedies with respect to the repossession or the liquidation of the security" will commence. *Id.*

The court then summarized:

Because the *VA directs the lender's choice between the two methods available in Washington,* it is in complete control of its ability to be made whole. Given the availability of the judicial foreclosure alternative, which allows the VA to exercise its primary right to subrogation and proceed directly against the debtor, the VA may not choose the nonjudicial foreclosure alternative, and then resort to its right to indemnity.

*Id.* at 1369. (emphasis added). The court added that because the state provides an alternative which allows the V.A. to exercise its primary right to subrogation and receive the full measure of protection without displacing state law, the Washington scheme was consistent with federal law. *Id.*

Like Washington, Minnesota provides for foreclosure by advertisement pursuant to Minn.Stat. Chapter 580, which is a nonjudicial proceeding, or by action pursuant to Minn.Stat. Chapter 581, which is a judicial proceeding. In a judicial foreclosure, which is more time-consuming and expensive, the lender may obtain a deficiency judgment. *Minn.Stat.* § 582.30, subd. 1, (a)(2). On the other hand, if a lender proceeds with a non-judicial foreclosure, a deficiency judgment is generally not allowed. *Minn.Stat.* § 582.30, subd. 2.[3] The parties agree that there is no relevant difference between the Minnesota and Washington foreclosure schemes.

It is also not disputed that the V.A. determines whether the loan foreclosure should be by advertisement or by judicial action. Although the V.A. does not participate in the actual foreclosure proceedings, 38 C.F.R. § 36.4319(f), the regulations governing the V.A. loan guarantee program clearly show the V.A.'s right to control the foreclosure proceedings. *See generally,* 38 C.F.R. §§ 36.4317, 36.4324(f).

---

**2.** The federal statute does not establish a federal foreclosure proceeding, but contemplates foreclosure under state law. *See* 38 U.S.C. §§ 1820(a)(6) and 1832. Washington State law provides two foreclosure methods. In a non-judicial foreclosure, the lender may not proceed personally against the debtor to collect any deficiency. Wash.Rev.Code Ann. § 61.24.100. In a judicial foreclosure, the lender is allowed to seek a deficiency. Wash.Rev.Code Ann. § 61.12.070.

**3.** If a mortgage is foreclosed by advertisement under Chapter 580, no deficiency judgment is allowed if the property has a redemption period of six months. The six month redemption period has very few exceptions, *see* Minn.Stat. § 580.23, subd. 2, and those exceptions will rarely apply to V.A. foreclosures.

The *Whitehead* opinion is consistent with recent Congressional legislation aimed at holding good faith veterans unaccountable for deficiencies resulting from nonjudicial mortgage foreclosures. On December 18, 1989, President Bush signed into law the "Veterans Benefits Amendments of 1989," Public Law 101–237, 1989 U.S. CODE CONG. & ADMIN. NEWS (103 Stat.) 2062. The act states that with respect to V.A. loans closed after December 31, 1989, veterans shall not be liable for any deficiency unless there is "fraud, misrepresentation, or bad faith."

## CONCLUSION

On this record,

The Court DECLARES

1. Defendant is without authority to enforce deficiency judgments against members of plaintiff class for loan guaranty payments made to mortgage lenders following non-judicial foreclosure of Minnesota real estate.

2. Plaintiffs' motion for summary judgment is GRANTED.

3. Defendants' cross motion for summary judgment is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.