Dale L. CARTER, David A. Johnson, Fred Emery, and James R. Straw on behalf of all in the State of Idaho similarly situated, Plaintiffs,

v.

Edward DERWINSKI, or his successor, Secretary of the Department of Veterans Affairs, Defendant.

Civ. No. 88–1426.

United States District Court,
D. Idaho.

Feb. 28, 1991.

M. Michael Sasser, Hamlin & Sasser, P.A., Boise, Idaho, Margaretta Eakin, Margaretta Eakin, P.C., Portland, Or., David A. Leen, Leen & Moore, Seattle, Wash., for plaintiffs.

Maurice O. Ellsworth, U.S. Atty., D. Marc Haws, Asst. U.S. Atty., Boise, Idaho, Stuart M. Gerson, Asst. Atty. Gen., J. Christopher Kohn, Robert M. Hollis, Ruth A. Harvey, Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM OF OPINION ON
CROSS–MOTIONS FOR
SUMMARY JUDGMENT

RYAN, Chief Judge.

I.  FACTS AND PROCEDURE

Plaintiffs Dale Carter, David Johnson, Fred Emery, and James Straw[1] (hereinafter collectively referred to as "veterans") bought homes in Idaho through the Veterans Administration (VA) loan guaranty program. The veterans defaulted on their VA guaranteed loans which were secured by trust deeds. Upon default, the private lenders foreclosed. Apparently, the mortgaged properties were sold for less than the outstanding balances on the loans and deficiencies were left. Pursuant to its

---

1. James R. Straw was not named in the original complaint; however, pursuant to this court's order allowing amendment, Plaintiffs' First Amended Complaint for Declaratory Judgment, Mandamus, Injunctive and Monetary Relief was filed on July 24, 1990, and Mr. Straw was added as a named party. The amended complaint is identical to the original complaint in all other respects, and defendants' original Answer was deemed an answer to the amended complaint. *See* Order Granting Motion to Amend, filed July 17, 1990.

guarantee with the mortgagees, the VA reimbursed the lenders for such deficiencies and then turned to the defaulting veterans to recover the amounts paid on the deficiencies.

On December 30, 1988, plaintiffs filed their original complaint herein pursuant to Idaho Code § 45–1512 [2], requesting this court to enjoin the VA from collecting deficiencies and to compel the VA to return funds previously collected or withheld from themselves and/or other veterans. In simple terms, the veterans maintain that the VA should be precluded from collecting deficiencies wherever it failed to reduce its claim to a judgment within three months of a foreclosure sale as required under the Idaho Code.

The veterans originally named the Administrator of the VA, the United States of America, and the Veterans Administration as defendants. However, at a hearing on all pending motions conducted by this court on February 5, 1991, plaintiffs' counsel conceded that only Edward J. Derwinski, or his successor, as Secretary of the Department of Veterans Affairs should be named as a defendant in this action. Accordingly, finding that the "United States of America" and "the Veterans Administration" should be dismissed as parties to this action, this court granted defendants' motion to dismiss.[3]

The VA's Answer asserts, *inter alia*, the following affirmative defenses: (1) that the federal statute of limitations, 28 U.S.C. § 2415(a), applies to this action; (2) that Idaho Code § 45–1512 does not apply to an action based on the VA's right to indemnity; (3) even if Section 45–1512 did apply,

plaintiffs' use of that statute in this action is improper because the statute should only be used as an affirmative defense and should not be used to preclude the VA from collecting the deficiencies through administrative channels; and (4) some of the debts of veterans may already have been reduced to final judgment in the United States District Court, and relief on those claims is barred by the doctrine of *res judicata*.

Following the hearing held on February 5, 1991, this court took the parties' cross-motions for summary judgment under advisement. Now, having fully considered the memoranda, affidavits and exhibits in the record, along with the oral arguments of counsel, those motions shall be ruled upon.

## II. PENDING MOTIONS

### A. *Cross–Motions for Summary Judgment*

#### 1. Defendant's Motion for Summary Judgment.

The government filed a motion for summary judgment which requests this court to find that Idaho Code § 45–1512 does not bar the VA from collecting deficiencies because the six-year federal statute of limitations, 28 U.S.C. § 2415(a), applies; moreover, the VA has an independent right to indemnity which should not be affected by the Idaho statute. The VA also argues that Idaho Code § 45–1512 cannot serve as a basis for plaintiffs' claims in this action, because that section can only serve as an affirmative defense if the government

---

**2.** Idaho Code § 45–1512 (1977) states:

**Money judgment—Action seeking balance due on obligation.**—At any time within 3 months after any sale under a deed of trust, as hereinbefore provided, a money judgment may be sought for the balance due upon the obligation for which such deed of trust was given as security, and in such action the plaintiff shall set forth in his complaint the entire amount of indebtedness which was secured by such deed of trust and the amount for which the same was sold and the fair market value at the date of sale, together with interest from such date of sale, costs of sale and attorney's fees. Before rendering judgment the court shall find the fair

market value of the real property sold at the time of sale. The court may not render judgment for more than the amount by which the entire amount of indebtedness due at the time of sale exceeds the fair market value at that time, with interest from date of sale, but in no event may the judgment exceed the difference between the amount for which such property was sold and the entire amount of indebtedness secured by the deed of trust.

**3.** Hereinafter, for purposes of simplicity, reference shall be made to the VA when referring to the defendant.

were to bring actions against the plaintiffs and does not prohibit the government from collecting debts administratively.

2. Plaintiffs' Cross–Motion for Summary Judgment.

Plaintiffs seek a declaration that federal law incorporates Idaho Code .§ 45–1512, which governs the assertion of deficiency judgments, and that, whether as subrogee to the rights of the guaranteed note holders *or* pursuant to an "indemnity" claim, the VA's collection activities are illegal. Plaintiffs seek, *inter alia,* to enjoin the VA from all collection activities related to the collection of such deficiencies and to require the VA to return all funds collected in violation of Section 45–1512.

3. Analysis of Cross–Motions for Summary Judgment.

   (a) *The VA loan program.*

■ The Department of Veteran Affairs provides housing assistance to veterans by guaranteeing home loans made to veterans by private lenders. *See generally* 38 U.S. C.A. §§ 1801–33 (West 1979 & Supp.1989); 38 C.F.R. Part 36 (1989). A brief summary of the procedures is helpful in considering the issues before the court.

If a veteran defaults on a loan, the lender must give the VA 30 days' notice before foreclosing. 38 C.F.R. § 36.4317. The VA then has 15 days in which to give the lender instructions related to such proceedings. 38 C.F.R. § 36.4324(f). Apparently, however, the VA does not participate in the actual foreclosure proceeding, unless the lender is not reasonably diligent. 38 C.F.R. § 36.4319(f).

Once a foreclosure sale has taken place, the VA must reimburse the lender for certain remaining losses. 38 C.F.R. § 36.4321. According to federal regulations, the VA may then recover from the veteran the amount the VA paid to the lender. 38 C.F.R. § 36.4323(a), (e) (any amounts paid by the VA on account of liabilities of the veteran "constitute a debt owing to the United States" by the veteran); VA Form 26–1820; VA Form 26–1802a. Significantly, however, rather than establishing a fed-

eral foreclosure proceeding, the relevant federal statutes and regulations contemplate foreclosure under state or local law. *See e.g., Whitehead v. Derwinski,* 904 F.2d 1362, 1364 (9th Cir.1990) (*citing* 38 U.S. C.A. §§ 1820(a)(6), 1832; 38 C.F.R. §§ 36.- 4319, 36.4320).

   (b) *The Impact of Whitehead v. Derwinski.*

In a recent decision, the Ninth Circuit Court of Appeals acknowledged that "[f]ederal law governs the guaranty agreement between the veteran and the VA." *Id.* at 1364 (*citing* VA Form 26–1820, VA Form 26–1802a). However, in affirming the district court, the Ninth Circuit went on to explain the following:

> The remedy provided by the federal statute is subrogation, which allows the VA to pursue whatever rights a lender has, including proceeding personally against debtors to collect deficiencies remaining after foreclosure. 38 U.S.C.A. § 1832. To protect the VA's right to proceed personally against the debtor when state antideficiency laws bar collection through subrogation, the federal regulations provide for an additional right of indemnity. 38 C.F.R. § 4323(e). When the VA is unable to exercise its primary right to subrogation, the right to indemnity granted by the regulations comes into play.

*Whitehead v. Derwinski,* 904 F.2d at 1371.

■ The VA would certainly like this court to conclude that since it's too late for the VA to proceed under Section 45–1512 via its right to subrogation, its right to indemnity should come into play. However, in Idaho, as in the State of Washington, had the VA proceeded in accordance with Idaho Code § 45–1512, or had the VA instructed the lenders involved how to proceed under Section 45–1512, the VA could have fully protected itself from this situation.

The VA argues that the VA loan guaranty program is national in scope and provides uniform procedures, including uniform guaranty agreements. However, as discussed in *Whitehead,* the VA regula-

tions themselves contemplate application of state law to foreclosure procedures. *Whitehead v. Derwinski*, 904 F.2d at 1371 (*citing* 38 C.F.R. §§ 36.4315(b)(2), 36.4319, 36.4320, 36.4323(c); *United States v. MacKenzie*, 510 F.2d 39, 43 (9th Cir.1975); *Cf. United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 730–31, 99 S.Ct. 1448, 1459–60, 59 L.Ed.2d 711 (1979)). Indeed, as the Ninth Circuit affirmed the finding that the VA's rights against veterans could not exceed the lender's rights under the Washington foreclosure statutes, the Court of Appeals expressly concluded that: "Because federal law does not provide a federal foreclosure procedure, but rather relies upon foreclosure procedures under various state statutes, it appears that Congress saw no need for 'a nationally uniform body of law.'" *Whitehead v. Derwinski*, 904 F.2d at 1371 (*citing United States v. Kimbell Foods, Inc.*, 440 U.S. at 728, 99 S.Ct. at 1458). As in *Whitehead*, adopting Idaho statute § 45–1512 as the federal rule of decision in this district would not frustrate specific objectives of the VA loan guaranty program.

"Non-judicial foreclosure obviously provides significant advantages to a creditor seeking to liquidate security for a defaulted loan; these advantages have been conferred by the legislature in return for the creditors' relinquishment of the right to obtain a deficiency judgment." *Whitehead v. Derwinski*, 904 F.2d at 1372, (*quoting United States v. Vallejo*, 660 F.Supp. 535, 538 (W.D.Wash.1987). Maintaining that Section 45–1512 was enacted to protect debtors like themselves, the veterans contend that to allow the VA to permit lenders to foreclose nonjudicially under Idaho law,

and then use the federal right to indemnity to collect the deficiencies anyway, would go against the holding in *Whitehead*.[4]

Moreover, the *Whitehead* opinion is entirely consistent with recent Congressional legislation aimed at holding good faith veterans unaccountable for deficiencies resulting from non-judicial foreclosures. On December 18, 1989, President Bush signed into law the Veterans' Benefits Amendments Act of 1989. Public Law 101–237, 1989 U.S.Code Cong. & Admin.News (103 Stat.) 2062. The Act states with respect to VA loans closed after December 31, 1989, that veterans shall not be liable for any deficiency unless there is "fraud, misrepresentation or bad faith." *Accord Vail v. Derwinski*, 742 F.Supp. 1039 (D.Minn. 1990).

The Ninth Circuit Court of Appeals affirmed *Whitehead v. Derwinski* in June 1990, and this court gave the parties herein an opportunity to address the impact of *Whitehead* on their respective positions. The VA placed great emphasis on the fact that *Whitehead* pertains to a Washington statute, which differs from Idaho Code § 45–1512. Notwithstanding the fact that neither *Whitehead* nor any other case speaks about a statute identical to Idaho Code § 45–1512, this court is compelled to conclude that the analysis in *Whitehead* goes far beyond issues arising within the borders of the State of Washington.

Indeed, the Ninth Circuit specifically addressed national trends in the law as it reached the conclusion that the VA should be barred from collecting deficiencies where it failed to comply with the applicable Washington statutes. Therefore, based

---

**4.** Consistent with these arguments is the case of *United States v. Vallejo*, 660 F.Supp. 535 (W.D. Wash.1987), in which the VA was precluded from recovering a deficiency under principles of indemnity based on the following:

> The Government is attempting to stretch its rights as a surety beyond the underlying obligation of the debtor as principal to the holder of the guaranteed note. As the language of section 4323(e) indicates, the defendant is an indemnifier for any amounts paid *"on account of the liabilities"* of the veteran; where the VA as surety fails to require the note holder to foreclose judicially in order to pre-

> serve the principal's personal liability . . . any payments in excess of the amount bid at the trustees' sale are *not* payments on account of the liabilities of the veteran.

*Id.* at 539 (footnote omitted) (emphasis added). In support of its holding, the district enunciated the reasoning of the Supreme Court which acknowledged that this regulation was expressly amended to substitute the phrase "on account of the liabilities of any veteran" for the earlier language, "pursuant to the guaranty." *Id.* (*citing United States v. Shimer*, 367 U.S. 374, 388, 81 S.Ct. 1554, 1563, 6 L.Ed.2d 908 (1961)).

on the reasoning in *Whitehead* and in the wake of several decisions addressing similar issues,[5] it appears that for the VA to have preserved its right to recover via subrogation *or* indemnity, Idaho Code § 45–1512 required the VA (and/or the lenders involved) to seek a deficiency judgment within three months of any foreclosure sales that took place in Idaho.

(c) *The cases of Shimer and Jones.*

In support of its position, the VA directs this court's attention to *United States v. Shimer*, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961), and *Jones v. Turnage*, 699 F.Supp. 795 (N.D.Cal.1988). In both cases, veterans were liable to the VA for deficiency amounts paid by the VA to lenders despite the fact that state laws precluded the lenders from recovering such deficiencies directly from the veterans. However, a full reading of these cases in light of *Whitehead* and recent cases from other jurisdictions indicates that the VA's reliance on these cases is misplaced. Both cases are distinguishable from the case at bar and from *Whitehead*.

In *Shimer*, the United States sued a veteran to recover the amount the VA had paid to the lender upon the veteran's default. However, to the extent the Supreme Court discussed conflicts between state law and federal regulations, the crux of the decision in *Shimer* was that *federal* law should control the amount of money which the VA should pay *lenders. United States v. Shimer*, 367 U.S. at 377–81, 81 S.Ct. at 1557–60. *See also United States v. Davis*, 756 F.Supp. 1162, 1164 (E.D.Wis.1991). The reasoning in *Shimer* is not inconsistent with a finding that deficiencies *owing from veterans* must be determined under state laws, such as those in Washington or Idaho. Therefore, *Shimer* does not, and should not, defeat the claims of the plaintiffs in the case at bar.

*Jones* is also distinguishable from the case at bar. In *Jones*, the VA was permitted to exercise its right to seek indemnity from veterans even though *lenders* were *completely* precluded by California's anti-deficiency law from directly recovering any deficiencies remaining after foreclosure sales. *Jones*, however, lends no support to the VA's position in the case at bar because, as noted in *Whitehead*, "California [law], unlike Washington [or Idaho], precludes lenders from collecting deficiency judgments under *any* circumstances." *Whitehead v. Derwinski*, 904 F.2d at 1368 (*citing Jones v. Turnage*, 699 F.Supp. at 799, *appeal docketed*, No. 89–15053 (9th Cir. Nov. 11, 1989); Cal.Civ.Pro.Code § 580b (West Supp.1990)) (emphasis added).

(d) *Idaho Code § 45–1512 not a statue of limitation operating in contravention of 28 U.S.C. § 2415(a).*

■ Throughout this proceeding, the VA attempts to shift this court's focus from the overall analysis in *Whitehead* to the three-month period delineated in Idaho Code § 45–1512. Notwithstanding such attempts, however, this court finds that *Whitehead* requires this court to focus on the *direction* given by the VA to its lenders *at the time the veterans defaulted on their VA guaranteed loans.* Hence, the three-month period in the Idaho statute only bears tangentially on the claims asserted by the veterans in this case.

Moreover, this court finds the VA's position regarding the three-month time frame to be attenuated by the federal statutory and regulatory scheme under which the VA loan program is administered. The VA certainly cannot contend that the three-month time frame for seeking a deficiency judgment under the Idaho Statute is any more onerous than the federal regulations which establish procedures to be followed upon default. For instance, 38 C.F.R. § 36.4317 provides that, upon default, the lender must give the VA *30 days'* notice before foreclosing. *Whitehead v. Derwinski*, 904

---

**5.** *See United States v. Church*, 736 F.Supp. 1494, 1497 (N.D.Ind.1990) (VA barred from collecting deficiency from veteran where the VA was not required to pay the lender for deficiency); *Vail v. Derwinski*, 742 F.Supp. 1039, 1041 (D.Minn. 1990) (where a lender has no right to collect a deficiency via a non-judicial foreclosure, the VA has none either); *United States v. Davis*, 756 F.Supp. 1162 (E.D.Wis.1991) (VA precluded from seeking a deficiency under right to indemnity where lender pursued a non-judicial foreclosure).

**608**

F.2d at 1364. Thereafter, 38 C.F.R. § 36.4324(f) provides that the VA has *15 days* in which to give the lender instructions regarding such proceedings. *Id.*

While the VA attempts to overcome its failure to comply with Section 45–1512 pursuant to the six-year statute of limitation provided under 28 U.S.C. § 2415(d), the analysis in *Whitehead* simply does not support such a conclusion. Indeed, nothing in the record suggests that the VA was unable to comply with Idaho Code § 45–1512 had it *chosen* to do so. And, in the event the VA had directed the lenders involved to comply with Section 45–1512, and had the lenders refused to follow such direction, then the veterans would have been released from personal liability *and* the VA would not have been required to pay lenders involved as guarantor of the mortgage notes. *Accord United States v. Church,* 736 F.Supp. 1494, 1497–99 (N.D.Ind.1990); *United States v. Davis,* 756 F.Supp. 1162, 1165 (E.D.Wis.1991).

Put simply, the veterans herein are entitled to no less protection than the veterans in *Whitehead.* The VA cannot be permitted to overlook such statutory protections and then, long after default and foreclosure have taken place, rely on its indemnity rights to pursue collection activities against veterans. Thus, in failing to have directed the lenders involved to follow the Idaho foreclosure procedures, the VA failed to preserve the rights of such lenders, *and* of the VA, to obtain deficiency judgments on the defaulted VA guaranteed loans.

(e) *Conclusion on cross-motions for summary judgment.*

Based on the foregoing discussion and the standard for granting summary judgment under Rule 56 of the Federal Rules of Civil Procedure, this court is compelled to find that the VA's Motion for Summary Judgment should be denied and that plaintiffs' motion for summary judgment should be granted.

### III.   ORDER

Based on the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED:

1.   That defendants' Motion to Dismiss the United States of America and the Veterans Administration as named parties should be, and is hereby, GRANTED; accordingly, the parties shall conform the caption of all future pleadings filed herein to the caption set forth at the outset of this order.

2.   That plaintiffs' cross-motion for summary judgment should be, and is hereby, GRANTED.

3.   That defendant's Motion for Summary Judgment should be and is hereby, DENIED.