**UNITED STATES of America, Plaintiff,**

v.

**Scott W. CHURCH, Defendant.**

**No. F 89–202.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

May 17, 1990.

Tina L. Nommay, Asst. U.S. Atty., Fort Wayne, Ind., for plaintiff.

Dusty Roach, Fort Wayne, Ind., and Louis Rosenberg, UAW Legal Services Plan, Indianapolis, Ind., for defendant.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on the government's motion for summary judgment on its indemnification claim and the defendant's motion for summary judgment on his counterclaim. The issues have been fully briefed and oral arguments were heard on April 18, 1990. For the reasons set forth below, the government's motion for summary judgment will be denied and the defendant's motion for summary judgment will be granted.

### Summary Judgment

■ Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* 106 S.Ct. at 2512; *Valentine v. Joliet Tp. High School Dist. No. 204,* 802 F.2d 981, 986 (7th Cir.1986).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, *Celotex,* 106 S.Ct. at 2553. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.),

*cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. *Anderson,* 106 S.Ct. at 2511.

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Id.* at 2510. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The issue of fact must be genuine. Fed.R.Civ.P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 106 S.Ct. at 2512.

### Factual Background

The facts of this case are not in dispute. The defendant, Scott W. Church (Church), obtained a home loan from the State of Wisconsin, Department of Veteran Affairs (Wisconsin VA) on January 16, 1981, which was guaranteed by the United States Veteran's Administration (VA) pursuant to 38 U.S.C. § 1803. The loan was secured by a mortgage on Church's residence in Janesville, Wisconsin. At the time Church purchased his home, he signed agreements with the VA in which he promised to reimburse the VA for any moneys paid by the VA on his behalf.

Church subsequently defaulted on his loan payments. As a consequence of this default, the Wisconsin VA sent a "Notice of Intent to Foreclose" to the VA in 1982. The VA acknowledged this notice and sent the lender instructions to preserve the personal liability of the veteran.

Shortly after receiving the VA's instructions, the Wisconsin VA and Church entered into a forbearance agreement which averted the foreclosure. The VA accepted the forbearance agreement but renewed its demand to preserve Church's personal liability if foreclosure became necessary. Although Church made several payments under the forbearance agreement, he continued to be in arrears. In April, 1984, the Wisconsin VA filed a complaint for foreclosure in Wisconsin state court. Church retained an attorney who entered into negotiations with the Wisconsin VA and was assured that Church's personal liability would be extinguished by the *in rem* foreclosure action. The Wisconsin VA never sent another "Notice of Intent to Foreclose" to the VA, nor did the Wisconsin VA preserve the personal liability of Church in the foreclosure proceedings.

An *in rem* judgment of foreclosure was entered on behalf of the Wisconsin VA against Church on June 25, 1984. The judgment did not provide for a deficiency judgment in favor of the Wisconsin VA. In December, 1984, the property was sold with a deficiency of $7,893.53. The VA, as guarantor of the loan, subsequently paid the deficiency amount to the Wisconsin VA.

In August, 1985, the VA notified Church that he owed the VA the deficiency amount on the basis of indemnification. The VA concedes that it does not have a right to recover under a subrogation theory. Church requested a waiver of indebtedness pursuant to 38 U.S.C. § 3102 on the grounds that collection would be against equity and good conscience. On September 28, 1987, the VA denied Church's request. The VA has since received $1,766 from Church by intercepting his United States income tax refunds and crediting them to the amount due. This action was filed by the United States in September, 1989, to recover the amount of the deficiency still outstanding, plus interest.

Church asserted two affirmative defenses in his answer; first, that he had no obligation to indemnify the VA because the

VA's payment of the deficiency to the Wisconsin VA was not authorized by 38 C.F.R. § 4323; and second, that the VA's denial of his waiver request constituted a legal wrong within the meaning of 5 U.S.C. § 702. Additionally, Church filed a counterclaim seeking to recover the amount of $1,766.00 which the VA had intercepted and retained from Church's federal income tax refunds for 1987 and 1989.

### Analysis

The government adamantly contends that Church is obligated to reimburse the VA for the amount of the deficiency it paid to the Wisconsin VA because Church signed loan papers in which he agreed to pay the full amount of the loan and that he can only be relieved of that obligation by the Administrator of the VA. The government argues, therefore, that since Church did not personally fulfill his entire loan obligation, and since the VA did not relieve him of his obligation to do so, he must pay the deficiency amount regardless of what happened between him and the Wisconsin VA. This position clearly overstates the extent of the VA's control over the veteran's loan obligation and misconstrues the nature of the relationship between the VA, the lender and the veteran.

Defendant's argument is very simple. He contends that the VA's payment to the Wisconsin VA was not "on account of the liabilities of any veteran", and therefore, he is not liable to the VA under a theory of indemnification. Defendant argues that the Wisconsin VA released him of personal liability without prior approval of the VA and that such an action released the VA from liability as guarantor on the loan to the Wisconsin VA. Thus, any payments made by the VA to the Wisconsin VA on Church's behalf were merely gratuitous.

■■■ The law is clear that the VA, as guarantor of a loan, has an independent right of indemnification to seek reimbursement for "any amounts paid by the administrator on account of the liabilities of any veteran." 38 C.F.R. § 36.4323(e). *See also, Jones v. Turnage*, 699 F.Supp. 795, 797 (N.D.Cal.1988); *United States v. Murdock*, 627 F.Supp. 272, 278 (N.D.Ind.1985); *United States v. Whitney*, 602 F.Supp. 722, 733 (W.D.N.Y.1985). It is also clear "that state law may not impair the VA's independent right to seek indemnity pursuant to 38 C.F.R. § 36.4323(e)." *Jones v. Turnage*, 699 F.Supp. at 799, (citing *United States v. Shimer*, 367 U.S. 374, 387, 81 S.Ct. 1554, 1562–63, 6 L.Ed.2d 908 (1961)).

■■ General indemnification principles apply to the determination of whether the VA is entitled to recover on the basis of the VA's independent right of indemnification. *United States v. Vallejo*, 660 F.Supp. 535 (W.D.Wash.1987). In applying these general principles, the court in *Vallejo*, a factually similar case, stated that:

> The Government is attempting to stretch its rights as a surety beyond the underlying obligation of the debtor as principal to the holder of the guaranteed note. As the language of section 4323(e) indicates, the defendant is an indemnifier for any amounts paid "on account of the *liabilities*" of the veteran; ... Whether the VA calls itself a subrogee or an obligee under a duty to indemnify, the principal is not obligated to indemnify the VA as surety for payments to the holder of amounts which the veteran is not personally liable.

*Id.* at 539.

Furthermore, the VA shall be released from its obligation as guarantor on a loan when the personal liability of the veteran has been released by the holder without prior approval of the VA. 38 C.F.R. § 36.4324(f)[1]. The portions of 38 C.F.R.

---

1. At one point in its response brief, the government cites 38 C.F.R. § 4324(f)(2) for the proposition that "the Administrator's failure to notify the lender to proceed in a way to preserve the personal liability of the veteran does not release the veteran's personal liability." This is a clear indication of the government's misunderstanding of the relationship between the VA, the lender and the veteran. This particular regulation has no effect on the veteran's liability to the VA. This section deals only with the VA's guaranty obligation to the lender (the Wisconsin VA in this case).

§ 4324(f) which are pertinent to this case provide:

> The release of the personal liability of any obligor on a guaranteed or insured obligation resultant from the act or omission of any holder without prior approval of the Secretary shall release the obligation of the Secretary as guarantor or insurer, except when such act or omission consists of ... (2) an election and appropriate prosecution of legally available effective remedies with respect to the repossession or the liquidation of the security in any case, irrespective of the identity or the survival of the original or of any subsequent debtor, if holder shall have given such notice as required by § 36.4317 and if, after receiving such notice, the Secretary shall have failed to notify the holder within 15 days to proceed in such manner as to effectively preserve the personal liability of the parties liable, or such of them as the Secretary indicates in such notice to the holder ...

■ Based on the foregoing statements of law, Church is entitled to prevail because the Wisconsin VA failed to honor the VA's request to proceed against Church for personal liability. The facts clearly establish that the VA was relieved of its obligation as guarantor on Church's loan by the Wisconsin VA's failure to proceed against Church for personal liability after the VA notified the Wisconsin VA in a timely manner to do so[2]. Therefore, the VA's payment of the deficiency amount to the Wisconsin VA was a purely gratuitous payment, for which Church is not obliged to indemnify.

At oral arguments, the government argued that the case law made it clear that even if the lender failed to pursue personal liability for a deficiency, the veteran was obligated to the VA if the VA paid the lender as guarantor. In the cases cited by

the government, veterans were held liable to the VA for deficiency amounts paid by the VA to holders despite the fact that state laws precluded the holders from recovering such deficiencies directly from the veterans. *United States v. Shimer*, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961); *Jones v. Turnage*, 699 F.Supp. 795 (N.D.Cal.1988). Neither of these cases, however, dealt with a factual situation such as Church's, where state law allowed the lender to pursue personal liability but the lender chose not to despite the VA's request that they do so. Nor do these cases discuss the ramifications of 38 C.F.R. § 36.4324(f) in such a situation.

In *Shimer*, the United States sued a veteran to recover the amount the VA, as guarantor of a loan made to the veteran by a private lender, had paid to the lender upon the veteran's default. The lower courts applied the Pennsylvania Deficiency Judgment Act, which prohibited a mortgagee from recovering a deficiency judgment upon foreclosure unless it first obtained a court determination of the fair market value. The lower courts found that the debtor was discharged from his entire debt after foreclosure because the lender had not followed the state's statutory procedures. The Supreme Court reversed, finding that the VA could "recover over against the veteran on a theory of indemnity in situations where recovery by way of subrogation was barred by state law." *Shimer*, 367 U.S. at 387, 81 S.Ct. at 1562–63.

In *Jones*, lenders were precluded by California's antideficiency law from directly recovering from debtors any deficiencies remaining after foreclosure sales. The VA sought to recover from the veterans the amounts it paid to the lenders as guarantor on VA home loans which were foreclosed after default. The court upheld the VA's independent right to recover stating that "state law may not impair the VA's inde-

---

**2.** It is not necessary for this court to determine whether the act of forbearance required the VA to renotify the Wisconsin VA to preserve Church's personal liability. If the act of forbearance voided the effect of the initial VA notice to preserve personal liability, the Wisconsin VA failed to timely notify the VA of its intent

to foreclose a second time. If the forbearance did not act to void the initial VA notice, the Wisconsin VA's failure to preserve personal liability was done without prior VA approval. Either way, the acts of the Wisconsin VA relieved the VA of its obligation as guarantor on the loan pursuant to 38 C.F.R. § 36.4324(f).

pendent right to seek indemnity pursuant to 38 C.F.R. § 4323(e)." *Jones*, 699 F.Supp. at 799. The court proceeded to state that "the VA has an independent right under 38 C.F.R. § 4323(e) to seek indemnity from a defaulting veteran where foreclosure leaves a deficiency which the VA as guarantor was *required* to pay the note holder." *Id.* at 800 (emphasis added).

Unlike the holders in the foregoing cases, the Wisconsin VA was not precluded by state law from seeking or recovering a deficiency judgment against Church. The Wisconsin VA chose not to pursue a deficiency judgment even after the VA had requested that it do so. The Wisconsin VA also made it clear to Church that it did not intend to hold him personally liable for any deficiency which existed after the foreclosure sale. This is not a case where the lender failed to follow state statutory procedures or where state law interfered with the VA's independent right of indemnification. The regulations promulgated by the VA itself establish that they have no right to indemnification in this case. Clearly, under the conditions of 38 C.F.R. § 4324(f), the VA did not have to pay the Wisconsin VA the amount of the deficiency remaining after the foreclosure sale. The cases cited by the government simply do not change the plain language of the regulation.

In addition to the foregoing argument, the defendant contends that he should not be held liable to the VA for the deficiency amount because the VA's denial of his request for a waiver of the deficiency constituted a legal wrong. The government contends that this court lacks subject matter jurisdiction to determine the propriety of the VA's determination of Church's waiver request.

■ This court's jurisdiction to review the determination of the VA administrator is based on the waiver of sovereign immunity provided for in the Administrative Procedure Act, 5 U.S.C. § 702, which provides in pertinent part:

A person suffering legal wrong because of agency action, ... is entitled to judicial review thereof. An action in a court

of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States ...

Generally, final actions of governmental agencies are presumed to be reviewable by the courts. *Arnow v. U.S. Nuclear Regulatory Com'n*, 868 F.2d 223, 230 (7th Cir. 1989). There is an exception to this rule, however, found in 5 U.S.C. § 701(a)(2) which states:

This chapter applies, according to the provisions thereof, except to the extent that—

$$*\quad*\quad*\quad*\quad*\quad*$$

(2) agency action is committed to agency discretion by law.

The Supreme Court has noted that this "is a very narrow exception" to be applied only "in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410, 91 S.Ct. 814, 821, 28 L.Ed.2d 136 (1971) (quoting S.Rep.No. 752, 79th Cong., 1st Sess., 26 (1945)).

■ The government argues that the decision to release a veteran from his obligation under the home loan is committed to the sole discretion of the Administrator and is, therefore, unreviewable by this court. The government cites 38 U.S.C. § 1813(a) and 38 C.F.R. § 36.4324(f) as clearly stating that only the Administrator can release a veteran from liability and only "after such investigation as the Administrator may deem appropriate." Therefore, according to the government, the statute has "committed" the decisionmaking to the agency's discretion and the exception in 5 U.S.C. § 701(a)(2) applies.

The vague reference to the Administrator's discretion found in 38 U.S.C. § 1813(a) is not dispositive of the issue. Church sought a waiver under the provisions of 38

**1500**

U.S.C. § 3102[3] which clearly *requires* the Administrator to waive payment of any indebtedness to the VA where the Administrator determines that collection would be against equity and good conscience. This does not give the Administrator unbridled discretion, but rather requires him to act in a certain way upon the finding of certain facts. Clearly, this is not the type of discretion contemplated by § 701(b)(2).

This is not one of those rare instances where the statute is drawn in such broad terms that there is no law to apply. *Overton Park*, 401 U.S. at 410, 91 S.Ct. at 820–21. This court can clearly determine whether the Administrator was required by § 3102 to waive Church's liability because collection would be against equity and good conscience. Therefore, the government's motion to dismiss Church's counterclaim based on the legal wrong theory is denied.

■ This court finds that even if the VA had not been relieved of its liability as guarantor to the Wisconsin VA, it is clear that Church was entitled to a waiver under 38 U.S.C. § 3102. Church did not contest the foreclosure proceedings in Wisconsin because of the assurances made by the Wisconsin VA regarding his personal liability. Furthermore, Church did not make any attempt to redeem his property or otherwise participate in the judicial sale based on the Wisconsin VA's assurances. Finally, the Wisconsin foreclosure statute provides only a six month redemption period for *in rem* judgments, but allows twelve months to redeem where the judgment includes personal liability. Church is correct in noting that the practical effect of the action taken by the Wisconsin VA was to deprive Church of the opportunity to fully protect his property rights.

The government argues that Church is barred by 28 U.S.C. § 2680(h) from raising a claim against the United States for the misrepresentations made by the Wisconsin VA. Although the government is correct in that assertion, Church has not attempted to raise a claim of misrepresentation. Church merely points to the assurances of the Wisconsin VA as evidence of the inequity of being required to repay the deficiency amount to the VA. This court is not barred from viewing this evidence in making its determination that the facts clearly support a finding that "recovery would be against equity and good conscience." Therefore, the Administrator was required by 38 U.S.C. § 3102 to grant Church's waiver request.

*Conclusion*

Accordingly, based on the foregoing, the government's motion for summary judgment is hereby DENIED. The defendant's motion for summary judgment is hereby GRANTED and the government is hereby ORDERED to pay the defendant the amount of $1,766.00 plus interest from the dates of interception of said sum.

---

**3.** 38 U.S.C. § 3102 provides in pertinent part:
(a) There *shall be no recovery* of payments or overpayments (or any interest thereon) of any benefits under any of the laws administered by the Veterans' Administration whenever the Administrator determines that recovery would be against equity and good conscience....
(b) With respect to any loan guaranteed, insured, or made under Chapter 37 of this title, the Administrator *shall*, except as provided in subsection (c) of this section, *waive payment* of an indebtedness to the Veterans' Administration by the veteran.... following default and loss of the property, where the Administrator determines that collection of such indebtedness would be against equity and good conscience.
(c) The recovery of any payment.... *may not be waived* under this section if, in the Administrator's opinion, there exists.... an indication of fraud, misrepresentation or bad faith.... on the part of the person or persons having an interest in obtaining a waiver.... (emphasis added).