UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles DAVIS, Defendant/Third–
Party Plaintiff–Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Third–Party Defendant–
Appellee.

No. 93–3104.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 2, 1993.[1]

Decided Aug. 24, 1994.

1. This being a successive appeal, it has been assigned to the same panel which heard the earlier appeal. *See United States v. Davis,* 961 F.2d 603 (7th Cir.1992).

Chris R. Larsen, Asst. U.S. Atty., Thomas P. Schneider, U.S. Atty., Milwaukee, WI, Jennifer H. Zacks, Mark Stern, Malcolm L. Stewart, Dept. of Justice, Civ. Div., Appellate Section, Washington, DC, for U.S.

David Leen, Leen & Moore, Seattle, WA, Frederick R. Croen, Croen & Barr, Charles H. Barr, Croen & Barr, Milwaukee, WI, for Charles Davis.

Before CUDAHY, ESCHBACH and KANNE, Circuit Judges.

ESCHBACH, Circuit Judge.

Charles Davis, defendant and third-party plaintiff, on behalf of the class for which he is the representative, appeals the district court's denial of his motion for summary judgment and order of summary judgment for the plaintiff United States and third-party defendant Jesse Brown, Secretary of the Department of Veterans' Affairs ("VA"). 815 F.Supp. 1202. For the reasons below, we affirm the district court. We have jurisdiction under 28 U.S.C. § 1291.

This case comes to us a second time after our remand to the district court for further proceedings. *See United States v. Davis,* 961 F.2d 603, 609 (7th Cir.1992). Consequently, we did not hear further oral argument, but took this appeal on the briefs. In *Davis,* we held that the VA retained its independent federal indemnity right against veteran debtors, notwithstanding a lender's election to pursue a particular Wisconsin foreclosure procedure against the veteran debtors which eliminated the VA's right of subrogation. *See id.* at 610; *see also* 38 C.F.R. § 36.4323(e) ("Any amounts paid by the Secretary *on account of the liabilities of any veteran* guaranteed or insured under the provisions of 38 U.S.C. chapter 37 shall constitute a debt owing to the United States by such veteran."). Under the VA's home loan program, the VA guarantees home equity loans for veterans who pay the VA a fee. In Wisconsin, if a debtor defaults on his home loan, the lender may foreclose on the property by one of two statutorily prescribed methods. Under the first method, the debtor is afforded twelve months to redeem the property prior to the foreclosure sale. *See* WIS. STAT. § 846.04. Under the second method, however, the lender may expressly waive judgment as to any deficiency that might remain after the foreclosure sale in return for an expedited six-month redemption period. *See* WIS.STAT. § 846.101. In *Davis* we held that the VA is entitled to indemnity from the veteran debtor even though a lender proceeded under § 846.101 and foreclosed the VA's rights of subrogation. *See Davis,* 961 F.2d at 610.

█ The issue in this appeal is somewhat different. To preserve its right to reimbursement from the VA for any deficiency resulting from the sale of the property, a lender must give the VA 30 days' notice prior to foreclosing, and must follow the VA's subsequent instructions regarding the foreclosure proceeding. 38 C.F.R. § 36.4324(f). Section 36.4324(f) states, in relevant part:

> The release of personal liability of any obligor [veteran] on a guaranteed or insured obligation resultant from the act or omission of any holder [lender] without *the prior approval of the Secretary* shall release the obligation of the Secretary as guarantor or insurer, except when such act or omission consists of ... an election and appropriate prosecution of legally available effective remedies with respect to the repossession or the liquidation of the security in any case, irrespective of the identity or the survival of the original or of any subsequent debtor, if holder [lender] shall have given such notice as required by § 36.4317 [requiring 30 days' notice to the VA] of this part and if, after receiving such notice, the Secretary shall have failed to notify the holder within 15 days to proceed in such manner as to effectively preserve the personal liability of the parties liable....

(Emphasis supplied.) A lender who fails to comply with the VA's instructions or obtain approval from the VA Secretary prior to

releasing the debtor from a deficiency obligation forfeits its right to reimbursement for any deficiency. *United States v. Church*, 736 F.Supp. 1494, 1497–98 (N.D.Ind.1990). In *Davis*, we agreed with the holding in *Church* that where the VA pays lenders "despite the lack of any legal obligation to do so, the payment is 'gratuitous' and the VA is not entitled to indemnification." *Davis*, 961 F.2d at 611. In other words, if the VA reimburses a lender who failed to either follow the VA's instructions regarding the foreclosure proceeding or obtain the VA Secretary's approval, the VA's payment will be deemed "gratuitous" and the VA loses its right of indemnification from the veteran borrower. In *Davis*, we held that the VA could maintain its independent right of indemnification, but remanded to the district court to determine which of the lenders to the various class members failed to follow the VA's instructions. The VA may not seek indemnification from a veteran borrower for any VA payments to lenders who failed to follow the VA's instructions. *See id.*

On remand and cross-motions for summary judgment, the district court concluded that all lenders had followed the VA's instructions and that the VA was therefore entitled to indemnity from all of the class members. The district court found that after a lender notified the VA about a foreclosure action, the VA routinely sent a form letter stating in part: "[i]n proceeding with such action, you should protect your rights against those liable, so as to protect our subrogated rights." The district court interpreted this sentence to mean that the lender could not proceed under § 846.101 because § 846.101's expedited remedy released the lender's, and by subrogation the VA's, right to sue the debtor for any deficiency. Instead, the district court interpreted the letter to require the lender to proceed under § 846.04. If this letter had been the only evidence, the district court concluded, the VA's payments to lenders proceeding under § 846.101 would have been gratuitous. However, based on what the district court termed the VA's "additional course of dealing," the district court held that

notwithstanding its initial letter, the VA's conduct permitted and indeed encouraged lenders to proceed under § 846.101.[2] Therefore, the VA's payments to the lenders were not gratuitous and the debtor veterans were still liable to the VA for any deficiency judgment. We review the district court's grant of summary judgment *de novo. Maher v. Int'l Bhd. of Elec. Workers*, 15 F.3d 711, 713 (7th Cir.1994).

Based on affidavits from staff members of Wisconsin's VA Office of District Counsel and attorneys who participated in the termination of VA-guaranteed loans in Wisconsin, the district court found that "the VA staff knowingly permitted Wisconsin lenders to foreclose pursuant to § 846.101, in order to reduce additional expenses which came with the longer redemption period...." In other words, it was to the VA's advantage to proceed under § 846.101 because it expedited claims and reduced expenses. The district court concluded that this course of dealing amounted to "prior approval of the Secretary" under § 36.4324(f). As a result, the VA's payments to lenders were not gratuitous, and it thereby preserved its right to seek indemnification from the veteran debtors.

■ The veterans admit the existence of the VA's course of dealing, but they advance three different legal arguments why the VA gratuitously paid the lenders. We address them in turn.

The veterans first argue that this case is indistinguishable from *Church*, where the court held that the VA had no right of indemnification from the veteran debtor where it paid a lender who failed to follow the VA's instructions. In *Church*, after the lender notified the VA of its intent to foreclose, the VA sent the same form letter as it did here. Subsequently, the lender and the debtor entered into a forbearance agreement which averted the foreclosure. Ultimately, however, the lender did foreclose, even after the VA sent a second letter requesting the lender to preserve its subrogation rights.

---

**2.** The VA even sent the lenders mortgage forms which stated that "in the event of foreclosure of this mortgage [the veteran] will be bound by the provisions of Section 846.101 of the Wisconsin statutes."

Absent the VA's subsequent course of dealing, we agree that this case would be indistinguishable from *Church*. However, the court in *Church* did not consider the VA's course of dealing which encouraged lenders to use Wisconsin's six-month foreclosure proceeding. Instead, the court relied solely on the letters sent by the VA. Obviously, if the only instruction from the VA in this case were its letter, *Church* would be instructive. However, that is not the case here. The VA's course of dealing distinguishes this case from *Church* because it provides additional evidence of an "approval by the Secretary" as required by § 4324(f). Therefore, we find *Church* does not apply here.

■ The defendants also argue that the "informal understanding" between the lenders and subordinate VA employees in this case does not constitute "prior approval by the Secretary" and cannot overcome the clear meaning of the VA's form letter. They argue that the district court permitted the VA's "blanket approval" to release debtors from personal liability, rendering § 4324(f) meaningless. We agree in part that the VA's course of dealing amounts to a "blanket approval," but we fail to see how this vitiates the strictures of § 4324(f). Section 4324(f) requires the "prior approval of the Secretary" when a lender releases a debtor from personal liability *except* when such release constitutes an "election and appropriate prosecution of legally available effective remedies with respect to the repossession or the liquidation of the security in any case," the lender has given the VA timely notice, and the VA fails to instruct the lender within 15 days how to proceed. The operative component of § 4324(f) in this case is whether or not the lender had "prior approval of the Secretary," not whether the exception to § 4324(f)'s general rule applies. If a lender obtains prior approval of the Secretary, § 4324(f) has been satisfied and there is no need to rely on the exception contained therein.

■ The veterans also argue that the VA's own policies and procedures manual requires that the "prior approval of the Secretary" be in writing and signed by an appropriate VA official; here it was not. While evidence of a policy requiring written approvals would be relevant to determining whether the VA had a particular "course of dealing," § 4324(f) itself does not require written approval. Therefore, while perhaps violating its own internal policies, the VA's course of dealing may nevertheless satisfy § 4324(f)'s approval requirement even without written approval. The defendants do not contest the district court's factual findings and upon review we do· not find them clearly erroneous.

■ Finally, the veterans argue that under contract law the VA was not bound by its course of dealing that contradicted its written instructions to the lender. Because the VA was not bound, they argue, it was not required to pay the lenders and therefore cannot seek indemnification from the veterans. To illustrate their contract argument, the veterans pose a hypothetical suit between a lender and the VA in which the VA claims it is not bound by its subsequent course of dealing because of its earlier explicit written instructions in its letter. The veterans contend the government would win this hypothetical suit, but we are not persuaded. Even if we assumed that contract law is the proper instrument with which to analyze the VA's obligations, we agree with the district court's factual finding that the VA's earlier letter notwithstanding, its course of dealing satisfied the lender's duty to obtain "prior approval of the Secretary." The fact that there was another instruction which did not give the lender permission to release the VA's rights of subrogation does not mean the Moreover, the veterans' argument that the VA was bound by its earlier letter is plausible only if the letter was part of the agreement or contract between the VA and the lender. The letter was not an agreed upon term of the contract, but rather was part and parcel of the VA's performance. Therefore, it makes no difference that the VA's course of dealing contradicted an earlier instruction. Even under contract theory, then, the VA would still be bound to fulfill its guaranty obligations under its agreement with the lenders.

For these reasons we AFFIRM the district court.