William H. DIXON and Roger L. Norwood, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 94–6446.

United States Court of Appeals, Tenth Circuit.

Oct. 23, 1995.

Michael T. Braswell, Oklahoma City, OK, for Plaintiffs–Appellants.

Mark B. Stern and Mark C. Niles, Attorneys, Appellate Staff, Civil Division, Department of Justice, Washington, DC, for Defendant–Appellee.

Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.

HOLLOWAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

## I.

Plaintiffs-appellants William H. Dixon and Roger L. Norwood are veterans who purchased homes using mortgages guaranteed through the Veterans Administration (VA) Home Loan Guaranty Program. The mortgages of both veterans went into default and were foreclosed upon through judicial proceedings in the State of Oklahoma. Neither of the lenders sought deficiency judgments against the veterans.

Pursuant to its guaranty, the VA paid Mr. Dixon's lender approximately $27,500 and established an administrative debt against him in that amount. *See* 38 C.F.R. § 36.4323(e). A debt in the amount of $23,000 was established against Mr. Norwood after similar

payment by the VA to his lender. Mr. Norwood later filed for relief under Chapter 7 of the Bankruptcy Code, and his debt to the VA was fully discharged. Nonetheless, the VA has refused to reinstate fully Mr. Norwood's eligibility to participate in the Guaranty Program.

Plaintiff veterans brought this action against the United States seeking to enjoin the collection of the debts owed by them to the VA and to require the VA to reinstate fully their benefits under the Guaranty Program. Plaintiffs also sought certification of a class of similarly situated plaintiffs. By counterclaim, the VA sought a money judgment against plaintiff Dixon for the amount of its loss under its guaranty agreement with his lender.

The district court granted summary judgment in favor of the United States. In so doing, the court ordered that judgment be entered against Mr. Dixon in the amount the VA had paid on his behalf plus interest, and further ordered that plaintiff Norwood's VA eligibility to participate in the Guaranty Program not be reinstated until the VA's loss on his loan is paid in full. *See* Appellants' App. at 133–34. These orders rendered it unnecessary for the district court to address plaintiffs' class certification issues. The plaintiffs appealed. We turn to their appellate arguments.

## II.

■ We review a grant of summary judgment *de novo,* applying the same legal standard as the district court. *James v. Sears, Roebuck & Co.,* 21 F.3d 989, 997–98 (10th Cir.1994). Thus, the judgment will be affirmed if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Hagelin for President Committee v. Graves,* 25 F.3d 956, 959 (10th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 934, 130 L.Ed.2d 880 (1995).

■ Plaintiffs argue that their lenders' failure to obtain deficiency judgments against

them extinguished any further obligation they may have had to reimburse the VA. This is incorrect. We agree that if the lenders' rights to a deficiency judgment against the veterans fail, the VA's rights through subrogation fail as well. *See United States v. Davis,* 961 F.2d 603, 606 (7th Cir.1992). However, the VA is not restricted solely to subrogation as a means of recovery. There are, in fact, two lines of potential recovery available to the VA against a veteran for whose benefit it has had to pay under a guaranty. *Id.* As noted above, under certain circumstances, the VA can be subrogated to the rights of the lender. 38 U.S.C. § 3732(a)(1). Because foreclosures must be done according to state law, *Carter v. Derwinski,* 987 F.2d 611, 612 (9th Cir.) (en banc) (citing 38 U.S.C. § 3720(a)(6)), *cert. denied,* —— U.S. ——, 114 S.Ct. 78, 126 L.Ed.2d 46 (1993), the lenders here needed to have secured deficiency judgments under Oklahoma law to preserve rights against plaintiffs to which the VA could later be subrogated.[1] Because no deficiency judgments were obtained here, the VA has no subrogation rights against plaintiffs.

■ In the alternative, however, the VA has an independent contractual right of indemnity against plaintiffs. *See Carter,* 987 F.2d at 613 (quoting *United States v. Shimer,* 367 U.S. 374, 387, 81 S.Ct. 1554, 1562–63, 6 L.Ed.2d 908 (1961)). This right is entirely separate from the subrogation right and fully enforceable "[r]egardless of the method by which a lender proceeds against a defaulting veteran...." *Id.* at 616. "[T]he VA always possesses a right of indemnity against the veteran for the amount of guarantee paid to the lender." *Id.* Thus, while adherence to Oklahoma law governing post-foreclosure personal liability would have been crucial had the VA attempted to claim subrogation rights, it is irrelevant here because the VA is proceeding under its independent indemnity right, governed entirely by federal law, *see id.,* and unaffected by state deficiency judgment requirements. Thus, their lenders' failure to obtain deficiency judgments against

---

1. Under Oklahoma law there is a strict requirement that a motion for a deficiency judgment must be made within ninety days after a fore-closure sale or no right to recover any deficiency "shall exist." 12 Okla. Stat. § 686 (1991).

them does not relieve plaintiffs of their independent indemnification obligations to the VA.

## III.

■ In a separate line of argument, plaintiffs point to 38 C.F.R. § 36.4324(f), which provides that, if a lender is requested by the VA to preserve personal liability and fails to do so, that lender cannot recover on the VA's guaranty.[2] Plaintiffs maintain that the VA directed the lenders to preserve personal liability against them, that the lenders failed to do so by failing to secure deficiency judgments, and thus the VA's obligation was released. Any payment by the VA, reason plaintiffs, was therefore gratuitous and not chargeable to them. The plaintiffs rely on *United States v. Davis,* 961 F.2d 603 (7th Cir.1992), *appeal after remand,* 34 F.3d 417 (7th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 1360, 131 L.Ed.2d 217 (1995); and *United States v. Church,* 736 F.Supp. 1494 (N.D.Ind.1990).

The VA does not assert that the *Davis* and *Church* cases were wrongly decided. However, we need not decide whether the rule of those cases should be followed by us because the record in this appeal does not support the application of that rule. We will assume, *arguendo,* the validity of the rule that the VA's right of indemnity can be extinguished if the lender has, contrary to the VA's instructions, permitted the right of subrogation to be lost, but the VA has nevertheless gratuitously reimbursed the lender under the terms of its guaranty. We agree with the position taken here by the VA that the factual predicate for the rule of the *Davis* and *Church* cases was not established in the district court.

In a letter from the VA to Talman Home Mortgage Corp. regarding Mr. Dixon's mort-

gage, the VA's concern was plainly with pursuit of a deficiency judgment against any transferees and not against Mr. Dixon. *See* Appellants' App. at 32. The record regarding Mr. Norwood's guaranty is less clear. The VA instructed the lender to "proceed in such a manner so as to preserve your rights in personam against those liable on the note so as to protect the Administrator's rights of subrogation as set out in 38 Code of Federal Regulations section 36.4323(a)." *Id.* at 33. The letter continued: "If a deficiency judgment is required, we will notify you." *Id.* There is no evidence in the record, however, that any notice requiring the lender to procure a deficiency judgment against Mr. Norwood was ever sent or received.

Although the first quoted sentence of the VA's letter to Norwood's lender does lend some support to his position, we find the letter is insufficient to support a finding that the lender disregarded an instruction by the VA to pursue a deficiency judgment. Instead, the second quoted sentence makes clear that the VA was *not* instructing the lender to pursue a deficiency judgment at that time. Because there is no evidence that the VA ever issued such an instruction, we conclude that the lender did not forfeit its rights under the guaranty agreement. Consequently, the VA's reimbursement to the lender was not gratuitous, and Norwood's reliance on the rule of *Davis* and *Church* is unavailing.

We are persuaded that the record does not support the plaintiffs' interpretation of the undisputed facts. The VA's communications to the lenders did not give instructions or make a request to the lenders to preserve personal liability of the plaintiffs to them, and the VA's right of indemnity was not impaired.

---

**2.** Section 36.4324(f) provides in relevant part:
   The release of the personal liability of any obligor on a guaranteed or insured obligation resultant from the act or omission of any holder without the prior approval of the Secretary shall release the obligation of the Secretary as guarantor or insurer, except when such act or omission consists of ... (2) an election and appropriate prosecution of legally available effective remedies with respect to the reposses-

sion or the liquidation of the security in any case ... if holder shall have given such notice as required by § 36.4317 of this part [notice of intention to foreclose] and if, after receiving such notice, the Secretary shall have failed to notify the holder within 15 days to proceed in such manner as to effectively preserve the personal liability of the parties liable, or such of them as the Secretary indicates in such notice to the holder....

## IV.

Finally, plaintiff Norwood argues that, because his debt to the VA was discharged in bankruptcy, his loan availability under the Guaranty Program should be fully reinstated. We disagree.

A veteran loses his eligibility to have his previously used loan-guaranty entitlement restored where the VA has incurred an unreimbursed loss because of that veteran's transactions pursuant to the Guaranty Program. In Mr. Norwood's case, the VA calculated his eligibility according to the dictates of 38 U.S.C. § 3702(b), which provides in relevant part:

> In computing the aggregate amount of guaranty or insurance housing loan entitlement available to a veteran under this chapter, the Secretary may exclude the amount of guaranty or insurance housing loan entitlement used for any guaranteed, insured, or direct loan, if—
>
> (1)(A) The property which secured the loan has been disposed of by the veteran or has been destroyed by fire or other natural hazard; and
>
> (B) the loan has been repaid in full, or the Secretary has been released from liability as to the loan, *or if the Secretary has suffered a loss on such loan, the loss has been paid in full*....

38 U.S.C. § 3702(b) (emphasis added). Because the loss suffered by the Secretary due to Mr. Norwood's default has not been repaid in full, Mr. Norwood's·present eligibility was reduced accordingly.

Contrary to Mr. Norwood's suggestion, the VA's position here is not in derogation of bankruptcy law and a "back door attempt to collect on a debt." *See* Reply Br. at 6–7. Reduction of Mr. Norwood's eligibility for loan guaranty is not an attempt to collect a discharged debt. It is a refusal to advance otherwise available benefits.

The amount the VA paid on behalf of Mr. Norwood is merely available to it for setoff against the amount of his original guaranty eligibility. The fact that Mr. Norwood is precluded from participating in the Guaranty Program in its full and unencumbered scope is not a debt that was discharged in bankruptcy. *See Newman v. Veterans Admin. (In re Newman)*, 35 B.R. 97, 99 (Bankr. W.D.N.Y.1983). The VA is correct in maintaining that it is not seeking to recover the amount of Mr. Norwood's debt, nor is it seeking to avoid the effect of his bankruptcy proceeding. The VA is not contending that Mr. Norwood is legally obligated to pay the discharged debt, and it does not seek indemnification from him. Mr. Norwood is simply not eligible for the full amount of guaranty benefits until the loss incurred by the VA is repaid.

As noted above, the district court ordered Mr. Norwood's eligibility to participate in the Guaranty Program to be withheld until payment was made in full. The VA acknowledges, however, that plaintiff is still entitled to loan guaranty benefits in the amount of $16,250. *See* Appellee's Br. at 28 n. 10. To make this clear, the order of the district court is MODIFIED to state that plaintiff Norwood's eligibility for loan guaranty benefits has not been eliminated and remains at $16,250. In all other respects, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.